**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1198**

———————

WESTMORELAND COAL COMPANY, INCORPORATED,

        Petitioner,

    v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; HASKELL SWINEY,

        Respondents.

———————

On Petition for Review of an Order of the Benefits Review Board.
(12-0126-BLA)

———————

Submitted:  September 19, 2013    Decided:  September 27, 2013

———————

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Paul E. Frampton, Thomas M. Hancock, BOWLES RICE LLP,
Charleston, West Virginia, for Petitioner.  Joseph E. Wolfe,
Ryan C. Gilligan, WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS,
Norton, Virginia, for Respondent Haskell Swiney.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Westmoreland Coal Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the Administrative Law Judge's ("ALJ") award of benefits to former employee Haskell Swiney under the Black Lung Benefits Act ("Act"), 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013). We deny the petition for review.

We review the Board's and the ALJ's legal conclusions de novo and "independent[ly] review . . . the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In conducting this review, we confine ourselves to the grounds on which the Board based its decision. Daniels Co. v. Mitchell, 479 F.3d 321, 329 (4th Cir. 2007).

Subject to the substantial evidence requirement, we defer to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs,

2

678 F.3d 305, 310 (4th Cir. 2012). The ALJ is not bound to accept any medical expert opinion but "must evaluate the evidence, weigh it, and draw his own conclusions," giving consideration to "the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949, 951 (4th Cir. 1997), superseded on other grounds as stated in Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs, 480 F.3d 278, 287 (4th Cir. 2007).

If a miner was employed in underground coal mines for fifteen or more years, has had a chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrates that he has a totally disabling respiratory or pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis ("fifteen-year presumption").[*] 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a) (2013). Once the miner has established entitlement to the presumption, the employer "may rebut such presumption only by establishing that

---

[*] This presumption was restored by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010).

3

(A) such miner does not . . . have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C.A. § 921(c)(4); see 20 C.F.R. § 718.305(a).

Employer does not dispute that Swiney was employed in underground coal mines for fifteen or more years and that all of the chest x-rays were interpreted as negative for complicated pneumoconiosis. Employer does dispute that Swiney demonstrated that he has a totally disabling respiratory or pulmonary impairment. Specifically, Employer argues that the ALJ erred in discounting the contrary medical opinions of its expert physicians on the issue of total disability.

A miner may prove total disability through qualifying pulmonary function tests, qualifying arterial blood gas studies, a showing of cor pulmonale with right-sided congestive heart failure, or medical opinions. 20 C.F.R. § 718.204(b)(2)(i)-(iv) (2013); see 20 C.F.R. § 718.305(c) (requiring miner to prove total disability in accordance with § 718.204). The ALJ must, however, consider any contrary probative evidence in deciding whether the miner has met his burden. 20 C.F.R. § 718.204(b)(2); see 30 U.S.C. § 923 (b) ("In determining the validity of claims . . ., all relevant evidence shall be considered . . . ."). "If contrary evidence does exist, the ALJ

4

must assign the contrary evidence appropriate weight and determine whether it outweighs the evidence that supports a finding of total disability." Lane v. Union Carbide Corp., 105 F.3d 166, 171 (4th Cir. 1997).

Upon review, we conclude that the ALJ complied with the Administrative Procedure Act and fully discussed and considered the opinions of Employer's physicians in finding that the medical opinions were insufficient contrary evidence to outweigh the qualifying arterial blood gas studies that the ALJ found established Swiney's total disability. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 532 n.9 (4th Cir. 1998) ("An ALJ has discretion to disregard an opinion unsupported by a sufficient rationale."). We are not permitted to reweigh the medical evidence. Id. at 536. Thus, we conclude that the ALJ did not err in finding that Swiney was entitled to the fifteen-year presumption.

The burden then shifted to Employer to affirmatively "rebut such presumption only by establishing that (A) such miner does not . . . have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C.A. § 921(c)(4); see 20 C.F.R. 718.305(a); Morrison v. Tenn. Consol. Coal Co., 644 F.3d 473, 479-80 (6th Cir. 2011). Upon review of the evidence

5

submitted in this case, we conclude that substantial evidence supports the ALJ's finding that Employer failed to affirmatively rebut the presumption. <u>See</u> 20 C.F.R. 718.201(a)(2); <u>Harman Mining Co.</u>, 678 F.3d at 311. Thus, the ALJ did not err in awarding benefits under the Act.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>